UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

JOHN CRAIG HOOK,
　　　　　*Defendant-Appellant.*

No. 02-4960

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-02-162)

Submitted: June 4, 2003

Decided: June 20, 2003

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Robert J. McAfee, MCAFEE LAW, P.C., New Bern, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

John Craig Hook appeals the district court judgment revoking his supervised release and sentencing him to twenty-four months' imprisonment. Hook contends the district court: (1) did not expressly indicate the basis for revoking supervised release; (2) improperly used certain conduct to revoke supervised release and determine the sentence; and (3) failed to reasonably consider the sentencing guidelines range. Hook further contends he received ineffective assistance of counsel. Finding no reversible error, we affirm.

We review the district court's decision to revoke a defendant's supervised release for abuse of discretion. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2000). The record here clearly supports the district court's finding that Hook violated a condition of his supervised release by engaging in criminal conduct. We further find the district court did not err in determining the sentence by considering Hook's flying of an airplane soon after being placed on supervised release. *See* 18 U.S.C. § 3661 (2000). In addition, we find no error in the sentence.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, federal prisoners must ordinarily pursue such claims in a motion under 28 U.S.C. § 2255 (2000). *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *King*, 119 F.3d at 295. Because the record does not conclusively establish Hook's various claims, we find the ineffective assistance claims are not cognizable on direct review.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*